UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIESER DAVID MEJIA MORA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01772-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 4)<br><br>ORDER DENYING MOTION TO EXPEDITE CONSIDERATION AS MOOT<br><br>(Doc. 5) |

Pending before the Court are pro se Petitioner's Motion to Appoint Counsel, and Petitioner's Motion to Expedite Consideration of Habeas Petition, both filed on March 5, 2026. (Docs. 4, 5). Petitioner, who currently is detained by Immigration and Customs Enforcement ("ICE"), has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, also docketed on March 5, 2026. (Doc. 1, "Petition"). Petitioner claims his continued detention without a bond hearing is in violation of the due process clause of the Fifth Amendment. (*Id*. at 2). As relief, the Petition seeks release from custody or, in the alternative, an immediate bond hearing before an immigration judge. (*Id*.).

1

On March 6, 2026, the assigned district judge denied Petitioner's motion for temporary restraining order ("TRO"), filed on the same day as the Petition, as untimely, and referred the matter to the undersigned for a determination on the merits.  (Doc. 7).  The assigned district judge also set a briefing schedule on the merits, ordering Respondent to file their responsive pleading within 21 days and allowing Petitioner to file a traverse no later than 7 days after the responsive pleading is filed.  (*Id*.).

As an initial matter, despite the district judge's direction that the briefing schedule could be modified by the assigned magistrate judge as needed, the Court finds the current briefing schedule is appropriate especially in light of the district judge's denial of the TRO.

Second, Petitioner seeks appointment of counsel due to "complex constitutional questions involving immigration detention authority." (Doc. 4). As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

As to the likelihood of success, Petitioner contests his current detention pending removal

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See Id*., R. 1(b).

proceedings.  To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court directed Respondent to respond to the Petition, which is not yet due. Consequently, the Court does not find that Petitioner can show a likelihood of success of the merit at this early stage of the proceedings.  Additionally, when directing Respondent to respond to the Petition the Court directed Respondent to attach any records necessary for considering the Petition.  Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.

Finally, although Petitioner cites to the complexity of immigration laws, Petitioner was able to competently file his habeas petition.  As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

Accordingly, it is **ORDERED**:

1.  Petitioner's Motion to Expedite Consideration of the Petition (Doc. 5) is DENIED as moot considering the district court's denial of the temporary restraining order.

2.  Petitioner's Motion for Appointment of Counsel (Doc. 4) is denied without prejudice.

Dated:    March 12, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE