UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIESER DAVID MEJIA MORAN, | Case No.  1:26-cv-01772-JLT-HBK (HC) |
| Petitioner, | ORDER RE: NEXT FRIEND |
| v. | TWENTY-ONE DAY DEADLINE |
| TAE D. JOHNSON, et al., | |
| Respondents. | |

Pending before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241, docketed on March 5, 2026, challenging the detention without a bond hearing of immigrant detainee Elieser David Mejia Moran ("Petitioner") in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Center in California City, California. (Doc. 1, "Petition").  The Petition was completed and signed on Petitioner's behalf "by and through Next Friend" Jason Lee Quimby, Petitioner's "close friend." (Doc. 1 at 3).  Mr. Quimby also submitted a declaration of next friend, and a motion for a temporary restraining order. (Docs. 2, 3).  On March 6, 2026, the assigned district judge denied the motion for temporary restraining order as untimely and referred the matter to the undersigned for determination on the merits.  (Doc. 7).  On March 27, 2026, Respondent filed a response to the Petition (Doc. 11), and

on April 13, 2026, Mr. Quimby filed a traverse and a motion for leave to file traverse "out of time." (Docs. 13, 14).

Regarding Mr. Quimby's next of friend designation, "'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. In order to establish standing, the next friend must (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Regardless, "[c]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Thus, while the federal habeas statute does not prevent a 'next friend' from pursuing a habeas action on behalf of another under qualifying circumstances, "the statute does not authorize the 'next friend' to proceed without an attorney." *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023); *see also Hinojosa v. Warden, SATF/SP*, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (same), *report and recommendation adopted*, 2023 WL 4711303 (E.D. Cal. July 24, 2023) (finding that even if next friend status was granted he "would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."). Furthermore, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an

2

attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a). "Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." *Complot v. JP Morgan Chase Bank*, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)).

Here, assuming *arguendo* that Mr. Quimby qualifies for next-friend status, which would permit him to initiate the instant petition, he is not authorized to prosecute this action *pro se* on Petitioner's behalf.  Thus, either (1) Mr. Quimby must secure licensed counsel to proceed, or (2) Petitioner Elieser David Mejia Moran must notify the Court in writing that he will appear on his own behalf to prosecute this habeas action.  If he chooses to prosecute this action on his own behalf, he may then also file any motions on his own behalf, including a motion to appoint to counsel.  Otherwise, the Petition will be dismissed without prejudice.

Accordingly, it is ORDERED:

1.  No later than **twenty-one (21) days** from the date of service of this Order, **either**:

    a.  Petitioner Elieser David Mejia Moran should notify the Court in writing that:

        i.   Mr. Quimby filed the instant petition for writ of habeas corpus with his knowledge and permission,

        ii.  He declares under penalty of perjury that the contents of the petition are true and correct, and

        iii. Going forward, he will appear on his own behalf and prosecute this habeas action; **OR**

    b.  Jason L. Quimby must secure licensed counsel, and counsel shall file a notice of appearance in this matter.

3

2.  The Clerk of Court is DIRECTED to:

    a.  Update Petitioner's address to:

        California City Detention Facility

        22844 Virginia Boulevard

        California City, CA  93505

    b.  Send Petitioner Elieser David Mejia Moran a copy of the Petition (Doc. 1), the response (Doc. 11), the traverse (Doc. 14), and a copy of this Order;

    c.  Send Jason L. Quimby a copy of this Order at the address listed on page 3 of the Petition.

3.  Failure to comply with this Order will result in a recommendation of dismissal for failure to comply with a court order.

Dated:    April 17, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4